IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DARIN HILL                                                                                           PLAINTIFF

     v.                              Civil No. 4:10-cv-04133

SHERIFF RON STOVALL;
WARDEN GARY TURNER,
Miller County Correctional Facility;
RACHAEL JONES, Correctional
Officer; SGT. WOODY GILES;
MILLER COUNTY SHERIFF'S
DEPARTMENT; CLARK COUNTY
SHERIFF'S DEPARTMENT; and
RICKEY, Jail Administrator of
Clark County                                                                                       DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*.  Plaintiff is incarcerated at the Miller County Correctional Facility in Texarkana, Arkansas.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2009), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

**I.  Background**

According to the allegations of the complaint (ECF No. 1), Plaintiff was booked into the Miller County Correctional Facility on January 19, 2010.  His personal property, consisting of a

leather wallet, a brown and black leather belt, one key, one Rolex wrist watch, one Elgin pocket watch with a 24 ct. chain, seven gold and diamond rings, four gold necklaces, one white gold bracelet with diamonds, and two grey Zippo lighters with gold trim, was taken from him to be placed in the property room.

Plaintiff later asked Warden Turner whether he could have his wedding ring. His request was granted. Plaintiff, accompanied by Officer Nash, went to the booking area to retrieve the ring from the property room. When Officer Nash opened Plaintiff's property bag, no jewelry was in the bag. Officer Nash then went and asked Warden Turner if the jewelry was in his office. Warden Turner indicated it was not.

Sergeant Woody Giles was asked to investigate and determine what had happened to the jewelry. Two weeks later, Plaintiff states he was informed by Sergeant Giles that Officer Rachael Jones would be held responsible for the loss of the jewelry since she was the booking officer. Four days later, Sergeant Giles advised Plaintiff that his wedding band and a bracelet had been found inside one of Plaintiff's shoes in the property room.

On April 28, 2010, Plaintiff was transferred to the Clark County Jail.[1] During the booking process, Plaintiff states all his personal property and canteen items were taken and put in a storage or property room in a trash bag on the floor.

Eighteen days later, Plaintiff states he was transferred back to the Miller County Correctional Facility. None of his personal items could be located. When he arrived back in Miller County, Plaintiff states he wrote Warden Turner and Sergeant Giles asking about the investigation into the loss of his personal property. Plaintiff alleges he received no response. As relief, Plaintiff asks for an award of compensatory and punitive damages in varying amounts against each Defendant.

---

[1] Clark County is within the Hot Springs Division of this Court.

## II.  Discussion

As noted above, Plaintiff is incarcerated in the Miller County Correctional Facility.  Pursuant to 28 U.S.C. § 1915A, the Court reviews or screens complaints filed by prisoners.  The statute provides in part as follows:  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  In this case, Plaintiff's claims are subject to dismissal.

First, Plaintiff does not allege the missing property was intentionally taken or destroyed by any of the Defendants or was taken or destroyed at their direction.  *See Sellers by and through Sellers v. Baer*, 28 F.3d 895, 902-03 (8th Cir.1994)(Inadvertence, negligence, or even gross negligence is insufficient to state a claim under § 1983).

Second, even if the deprivation was intentional, Plaintiff has adequate post-deprivation remedies.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984)(intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994)(negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy).  Arkansas recognizes a conversion claim which will provide Plaintiff with an adequate remedy for his alleged injury.  *See e.g., Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991)(cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).

Third, to the extent Plaintiff asserts a cause of action based on an alleged failure of the Defendants to follow jail policy and ensure all his personal property was kept in the property room, this failure does not by itself state a claim.  *See e.g.*, *Kennedy v. Blankenship*, 100 F.3 640, 643 (8th Cir. 1996).

Finally, to the extent Plaintiff's claims are based on the refusal of the Defendants to investigate or to bring criminal charges against various individuals, the claims fail. A private citizen has no right to institute criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

### III.  Conclusion

Accordingly, I recommend that Plaintiff's the complaint be dismissed as the claims asserted in it are frivolous or fail to state claims upon which relief may be granted. Further, Plaintiff is advised that the dismissal of this lawsuit will be considered a "strike" for purposes of the PLRA, 28 U.S.C. § 1915(g). The clerk should be directed to place a § 1915(g) strike flag on the docket sheet.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of October 2010.

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE